GATES v. BEECHER, appellant, *et al.*

*Commission to take testimony — objections to mode of executing — Promissory notes — demand of payment — notice of protest.*

Where an objection to the mode in which a commission to take testimony has been executed exists, the proper remedy is by motion, at chambers or at special term, to suppress the deposition or to send back the commission ; such a motion should not be entertained at the trial.

A personal demand of payment of a promissory note made by a partnership firm need not be made upon each partner. A demand upon one is sufficient.

A notary's certificate of the protest of a note, in the usual form, contains all the information which it is necessary to give an indorser, and sending him a copy of such certificate should, in the absence of any evidence by him, be deemed a good and sufficient notice.

APPEAL from a judgment in favor of the plaintiff, entered on the verdict of a jury.

The action was brought by Nathaniel H. Gates against William Beecher and others, upon a promissory note made by the firm of Bassett, Beecher & Co. for $800, dated May 31, 1870, payable, with use, two years from date, to Julius H. Gates or bearer, and indorsed by the defendant William Beecher.

George R. Bassett was one of the firm of Bassett, Beecher & Co. The place of business of the firm was at Brookfield, Madison county, and Bassett resided there when the note fell due, in June, 1872. In June, 1871, the firm were thrown into bankruptcy, but there was never any formal dissolution of the partnership. When the note matured, the defendant Beecher resided at Orwell, Oswego county. On the 3d of June, 1872, when the note fell due, the notary presented it for payment at the last place of business of the firm, in Brookfield, but found no member of the firm there. On his return, the same day, he met, in Brookfield, Geo. R. Bassett, presented the note to him and demanded payment, which was refused. He then protested it, and on the same day mailed notice of protest to William Beecher, at Orwell, paying postage thereon. This was done by inclosing a copy of the notary's certificate of protest in the usual form. Beecher, in his answer, denied the receipt of any notice of protest, and annexed his affidavit under the statute.

On the trial, the defendant's counsel having stated that he did

Gates v. Beecher.

not wish to go to the jury on any question, the court directed the jury to find a verdict for the plaintiff.

Wm. Beecher was the only defendant who appeared, and he alone appealed from the judgment.

*B. Bagley*, for appellant.

*A. M. Beardsley*, for respondent.

GILBERT, J. On the trial the defendant objected to the reading of the deposition of a witness taken upon commission, on the ground that the sixteenth, being the last cross-interrogatory, had not been answered. That interrogatory was, "Do you know any other matter or thing that will tend to the benefit of the defendant?" The fifteenth cross-interrogatory required the witness to state what he knew of an arrangement that had been made for one Bassett to be at a place other than Utica on June 3, 1872, and the witness answered, that he had no knowledge of any such arrangement. On the line below this answer, between it and the sixteenth cross-interrogatory, appeared these words, "and further deponent knoweth not," followed by the signature of the witness, as if made at the end of his deposition. The circuit judge allowed the deposition to be read. No doubt he concluded, from an inspection of the deposition, that the words last quoted were, in fact, an answer to the last cross-interrogatory, and were misplaced by mistake. In this we think the judge was correct. The words were in no sense responsive to the fifteenth, but were at least pertinent to the sixteenth cross-interrogatory, and being followed immediately by the signature of the witness, the inference that they were in fact an answer to that is a reasonable one. The answer was not as full as it should have been, but, as the objection was not put upon that ground, the defendant cannot raise it here.

Moreover, we think that, where an objection of this kind to the mode in which a commission has been executed exists, the proper remedy is by motion at chambers, or at special term, to suppress the deposition, or to send back the commission, and that such a motion should not be entertained at the trial. *Union Bank of Sandusky* v. *Torrey*, 2 Abb. 269; *Burrill* v. *Watertown Bank*, 51 Barb. 106; *Terry* v. *McNiel*, 58 id. 244; *Rust* v. *Eckler*, 41 N. Y. 497; 2 Wait's Pr. 704.

The defendant was duly charged as indorser; the note was made by a partnership; the partnership had become bankrupt and ceased its business. On the day the note fell due it was presented at the last place of business of the makers, in Brookfield, Madison county, but neither of the partners, or any one representing them, was there. One of them resided in Brookfield, the others in Orwell, Oswego county. On the same day payment was demanded of one of the partners personally. It is now contended, that a personal demand of payment upon each partner was necessary. We think the rule of law is, that a demand of one of several persons whose liability to pay a promissory note is that of partners is sufficient. Partners are in legal contemplation one person. A notice to one is a notice to all, and a refusal to pay by one is a refusal by all. 1 Pars. on. Notes & Bills, 362 ; Edw. on Bills, 120.

Notice of the non-payment of the note was given to the defendant by sending to him a copy of the notary's certificate of the protest of the note in the usual form. This certificate contained all the information which it is necessary to give the indorser, in order to charge him (Edw. on Bills, 598, etc.), and in the absence of any evidence by the defendant, should be deemed a good and sufficient notice.

The judgment, therefore, must be affirmed.

*Judgment affirmed.*